UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GASANA GHADI,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2363

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.23.) In an Order entered on August 20, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on August 25, 2026, (ECF No. 5), and Petitioner filed a reply on August 27, 2026, (ECF No. 6.)

## II. Factual Background

Petitioner was born in Rwanda but is a citizen of the Democratic Republic of Congo. (Tiruchelvam Decl. ¶ 4, ECF No. 5-1, PageID.75.) Petitioner entered the United States on September 20, 2023, as a refugee. (*Id.* ¶ 5.) Following a 2004 criminal conviction, ICE issued Petitioner a Form I-862, Notice to Appear (NTA), charging Petitioner with removability pursuant to Section 236(a)(2)(A)(i) of the Immigration and Nationality Act (INA). (*Id.* ¶¶ 7, 10.)

On May 14, 2025, ICE arrested Petitioner. (*Id.* ¶ 11, PageID.76.) An Immigration Judge granted Petitioner pre-conclusion voluntary departure on June 18, 2025; however, when Petitioner failed to depart within three months, Petitioner's voluntary departure order was automatically converted to a final order of removal. (*Id.* ¶¶ 12–13.)

On August 22, 2025, ICE requested a travel document for Petitioner from Rwanda. (*Id.* ¶ 14.) On January 16, 2026, the Government of Rwanda advised that Petitioner is not a citizen of Rwanda but is a citizen of the Democratic Republic of Congo. (*Id.* ¶ 16.) ICE has since made efforts to obtain travel documents for Petitioner from the Democratic Republic of Congo. (*Id.* ¶¶ 17–23.) On April 2, 2026, DHS was notified that the Democratic Republic of Congo was issuing travel documents and that it believes that Petitioner's travel document would be issued in the reasonably foreseeable future. (*Id.* ¶ 21.)

On June 10, 2026, Petitioner filed his first § 2241 petition with this Court in *Ghadi v. Raycraft* (*Ghadi I*), No. 1:26-cv-1825 (W.D. Mich.). In *Ghadi I*, the Court dismissed Petitioner's petition without prejudice finding that, based upon the information presented to the Court at that time, Petitioner's removal remained significantly likely in the reasonably foreseeable future. Op. & Jud., *Ghadi I* (W.D. Mich. Jul. 14, 2026), (ECF Nos. 6, 7). The Court explained: "Should the Government's efforts to secure removal ultimately stall or fail to bear fruit, Petitioner remains free

to file a new petition asserting that continued detention is no longer reasonable." Op., *Ghadi I* (W.D. Mich. Jul. 14, 2026), (ECF No. 6).

Since the filing of Petitioner's original petition in *Ghadi I*, ICE Headquarters has confirmed only that the Democratic Republic of Congo has not yet issued a travel document for Petitioner. (Tiruchelvam Decl. ¶ 23, ECF No. 5-1, PageID.77.) On August 7, 2026, ICE Enforcement and Removal Operations learned that the Democratic Republic of Congo "is re-vetting cases." (*Id.* ¶ 25, PageID.78.) That same day, ICE Enforcement and Removal Operations requested an update from the Embassy of the Democratic Republic of Congo concerning its request for a travel document for Petitioner, but the Embassy has not provided an update. (*Id.*) On August 20, 2026, ICE Enforcement and Removal Operations requested an update from ICE Headquarters concerning Petitioner's removal, but it too has not provided an update. (*Id.* ¶ 26.) Respondents have recently confirmed that "ERO escorts to Congo have been halted due to an Ebola outbreak." Op., *Byiringiro v. Unknown Party*, No. 1:26-cv-2276 (W.D. Mich. Sept. 3, 2026), (ECF No. 10, PageID.47).

**III. Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final on June 18, 2025, and the 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[1] "[O]nce [a

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

In this case, when Petitioner initiated his first § 2241 action in *Ghadi I*, he had been in ICE custody for just shy of nine months following Petitioner's final order of removal. Petitioner has now been detained for nearly one year since his order of removal became final, and it appears that removal efforts have stalled. Petitioner argues that there is a good reason to believe that no significant likelihood of removal exists because, despite ICE ERO's repeated attempts to obtain travel documents from the Democratic Republic of Congo, there is no indication that Respondents have received any confirmation from the Democratic Republic of Congo regarding the travel document request for Petitioner, and Respondents have not provided the Court with any information to suggest that the Government has resumed removal operations to the Democratic Republic of Congo given the ongoing Ebola outbreak.

Because Petitioner has met his burden, Respondents must respond with evidence sufficient to rebut that showing. *See Zadvydas*, 533 U.S. at 701. Under these circumstances, Respondents have failed to respond with sufficient evidence to rebut Petitioner's showing that there is a "good reason to believe" that Petitioner will not be removed in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court, therefore, will grant Petitioner's § 2241 petition.[2]

## V. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set

[2] Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

**Conclusion**

For the reasons discussed above, the Court will enter a Judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject, as applicable, to an order of supervision within five days of the date of this Opinion and corresponding Judgment. The Court will also order Respondents to file a status report within six days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment.

Dated: September 14, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge